NOTICE

Decision filed 05/04/15. The text of this decision may be changed or corrected prior to the filing of a Peti ion for Rehearing or the disposition of the same.

2015 IL App (5th) 130544

NO. 5-13-0544

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | | |
|---|---|---|
| MATTHEW E. CARTER, on Behalf of Himself and All Others Similarly Situated, | ) ) ) | Appeal from the Circuit Court of Madison County. |
| Plaintiffs-Appellants, | ) ) | |
| v. | ) ) ) | Nos. 11-L-1304, 11-L-1305, 11-L-1306 & 11-L-1307 |
| THE CITY OF ALTON, THE CITY OF COLLINSVILLE, THE CITY OF GRANITE CITY, and THE CITY OF EDWARDSVILLE, | ) ) ) ) | Honorable Thomas W. Chapman, |
| Defendants-Appellees. | ) | Judge, presiding. |

_____

JUSTICE CHAPMAN delivered the judgment of the court, with opinion.
Justice Schwarm concurred in the judgment and opinion.
Justice Moore* specially concurred, with opinion.

**OPINION**

¶ 1    This appeal involves municipal ordinances in four Illinois communities which allow the local police departments to charge vehicle owners an "administrative fee" when

---

*Justice Spomer was originally assigned to participate in this case. Justice Moore was substituted on the panel subsequent to Justice Spomer's retirement and has read the briefs and listened to the tape of oral argument.

1

their vehicles are towed and impounded. At issue is whether these fees comport with the requirements of substantive due process. The plaintiffs filed complaints against each of the cities, arguing that the ordinances are invalid because the fees charged do not bear a reasonable relationship to the cities' actual administrative costs. All four cities filed motions to dismiss the complaints, which were granted by the trial court. The plaintiffs appeal, arguing that (1) none of the defendants has asserted an affirmative matter defeating the plaintiffs' claims; and (2) their complaints state a basis upon which relief can be granted. We reverse.

¶ 2                                    The Ordinances at Issue

¶ 3     In 2009, the City of Edwardsville enacted ordinances providing that a motor vehicle is subject to impoundment if it is operated with the express or implied consent of the owner and used in connection with various criminal offenses, including driving under the influence (DUI). If a vehicle is impounded pursuant to this provision, the owner is liable to the City of Edwardsville for a $300 "administrative processing fee" in addition to towing and storage fees. Edwardsville Code of Ordinances § 114-411(a) (eff. May 4, 2009). This fee is in addition to any penalties imposed for the underlying violation. Edwardsville Code of Ordinances § 114-412(c) (eff. May 4, 2009).

¶ 4     These ordinances were proposed by Edwardsville's chief of police, James Bedell. In a memorandum to the public safety committee, Chief Bedell noted that similar legislation had been adopted by other communities throughout the state. He stated that he was proposing the administrative fee "as a way to recoup the cost we currently absorb." He noted that at the time, Madison County was proposing adopting an

2

administrative fee of $300, and that similar fees charged throughout Illinois ranged from $300 to $500. Chief Bedell further stated that the police department spent, on average, more than $300 per arrest, but that $300 would be an appropriate amount to recoup. Finally, he estimated that, "based on a minimum of 300 vehicle tows per year," $90,000 would be recouped through the administrative fees, which would go to the general fund of the city.

¶ 5    In 2010, the City of Alton enacted ordinance No. 7164, which added provisions to the Alton city code relating to towing and impoundment of vehicles. The stated purpose of the ordinance is to allow the city to "recover a portion of the resources expended in the towing and impoundment of motor vehicles." A statement of purpose preceding the ordinance provides that (1) certain activities negatively affect the quality of life in Alton and the health, safety, and welfare of people in the community; (2) certain crimes require members of the police force "to devote a significant amount of time to [the] processing of motor vehicles"; and (3) time spent on impoundment of vehicles takes away time the officers could spend working to protect the residents of Alton. The statement of purpose further provides that for these reasons, the city council finds it to be in the best interests of the city to adopt impoundment procedures that allow the city to recoup some of its costs.

¶ 6    The ordinance provides a three-tiered fee system. A level 1 administrative fee is $500, a level 2 administrative fee is $200, and a level 3 administrative fee is $100. Alton City Code § 8-8-11(A) (eff. Jan. 1, 2010). A level 1 fee of $500 is charged if the vehicle is towed in connection with an arrest for any felony or certain enumerated traffic

3

offenses, including DUI. Alton City Code § 8-8-10(A)(6) (eff. Jan. 1, 2010). A level 2 fee is charged if the vehicle is impounded in connection with the custodial arrest of a suspect for misdemeanors or traffic offenses that are not included in that list. Alton City Code § 8-8-10(A)(7) (eff. Jan. 1, 2010). A level 3 administrative fee is charged if the vehicle is towed and impounded for any other reason. Alton City Code § 8-8-10(A)(8) (eff. Jan. 1, 2010). Those reasons include abandoned, disabled, and illegally parked vehicles under some circumstances. See Alton City Code § 8-8-10(A)(1) to (5) (eff. Jan. 1, 2010).

¶ 7   In 2008, the City of Collinsville enacted similar provisions. A statement of purpose provides that "the process associated with private motor vehicles that have been towed and/or impounded utilizes City resources in the form of Police Department personnel time." The statement further states that "in order to recover the expenditure of resources, it is in the best interest of the City to adopt rules and regulations associated with the impoundment of private motor vehicles." Collinsville Ordinance No. 4056 (eff. Apr. 29, 2008). The ordinance provides a two-tier fee structure. A level 1 administrative fee is $500, while a level 2 administrative fee is $150. Collinsville Municipal Code § 10.12.010 (eff. Apr. 29, 2008). The owner of a vehicle is charged a level 1 fee of $500 if the vehicle is towed and impounded because it has been used in connection with several enumerated offenses, including DUI. Collinsville Municipal Code § 10.12.020(A) (eff. Apr. 29, 2008). A level 2 administrative fee is charged if the vehicle is used in the commission of any offenses other than the enumerated offenses. Collinsville Municipal Code § 10.12.020(B) (eff. Apr. 29, 2008); see also Collinsville

4

Municipal Code § 4.01.010(38) (including these vehicle impoundment fees in a list of fees the city charges for services such as various permit applications, business license applications, zoning applications, and public records searches).

¶ 8     The City of Granite City enacted a similar impoundment ordinance in 2009. The Granite City ordinance likewise imposes a two-tier fee structure, with a level 1 administrative fee of $400 and a level 2 administrative fee of $150. Granite City Code of Ordinances § 10.50.010 (eff. Apr. 6, 2009). A level 1 fee is charged if a vehicle is towed and impounded due to its use in connection with any of a long list of enumerated offenses, including DUI. Granite City Code of Ordinances § 10.50.020(A) (eff. Apr. 6, 2009). A level 2 administrative fee is charged if the vehicle is towed and impounded due to its use in connection with any other offense. Granite City Code of Ordinances § 10.50.020(B) (eff. Apr. 6, 2009). In order to retrieve a vehicle that has been impounded, the owner must pay the applicable administrative fee plus towing and storage fees and provide proof of ownership, proof of insurance, and a valid driver's license. Granite City Code of Ordinances § 10.50.050 (eff. Apr. 6, 2009).

¶ 9                         The Trial Court Proceedings

¶ 10    On December 6, 2011, the four named plaintiffs, represented by the same counsel, filed the petitions that form the basis of this appeal. Each petition alleged that the plaintiff was arrested for DUI, that the plaintiff's car was towed and impounded pursuant to one of the ordinances, and that the plaintiff was required to pay the administrative fee mandated by the applicable ordinance. The petitions challenged the administrative processing fee charged by Edwardsville and the level 1 administrative fees charged by

5

the other three cities. They alleged that these "tow release fees *** require minimal time and cost" to the defendants, "requiring only that Defendants' Police Department employees write a receipt for payment" of the fees. They further alleged that "on information and belief," the defendants charged significantly less to provide similar services in other contexts. They argued that the fees charged had no reasonable relationship to the stated purpose of the ordinances and, as such, violated principles of substantive due process. The court entered orders in each case directing the plaintiffs to specify whether they were challenging the ordinances on their face or as applied. The plaintiffs filed amended petitions specifically alleging that the ordinances were facially invalid.

¶ 11  Each of the cities filed motions to dismiss and amended motion to dismiss pursuant to sections 2-615, 2-619, and 2-619.1 of the Code of Civil Procedure (735 ILCS 5/2-615, 2-619, 2-619.1 (West 2012)). In these motions, the defendants argued that (1) the plaintiffs' complaints misstated the purpose of the ordinances; (2) the cities incur costs for officers to spend time arresting drunken drivers, booking them into jail, and filling out paperwork associated with such arrests and the towing and impoundment of vehicles; (3) similar fees had been upheld; and (4) the plaintiffs failed to exhaust their administrative remedies prior to filing this lawsuit.

¶ 12  In support of its motions to dismiss, the City of Alton pointed to two studies designed to determine the costs it incurred as a result of DUI arrests. One study was conducted by the Alton police department, and the other was conducted by an independent consulting firm. The studies took into account the salaries paid to police

6

officers for conducting traffic stops and conducting inventory searches of vehicles to be towed. They also considered the costs of booking defendants, preparing DUI reports, the cost of arraignment, and the costs of collecting and processing evidence, including blood tests. The studies also considered the costs of housing prisoners.

¶ 13 On October 25, 2013, the trial court entered a 13-page order granting the motions to dismiss in all four cases. The court explained that substantive due process does not preclude a municipality for imposing a "civil *penalty*" for using a vehicle−or allowing a vehicle to be used−in the commission of certain offenses. (Emphasis added.) The court noted that fees are distinguished from fines by their compensatory purpose, but noted that the line between a fee and a fine is often unclear. The court pointed out that a charge that is labeled a fee might in reality be a fine if it has a punitive purpose.

¶ 14 The court then discussed the Second District's decision in *People v. Ratliff*, 282 Ill. App. 3d 707 (1996). That case involved a $500 impoundment charge that was labeled a fine, but the Second District found that it actually constituted a fee because it was a "reasonable proxy for the likely actual administrative costs incurred." *Ratliff*, 282 Ill. App. 3d at 713. The trial court found the facts of this case to be "strikingly similar" to those in *Ratliff*. Relying in large part on *Ratliff*, the court dismissed the plaintiffs' petitions.

¶ 15                                This Appeal

¶ 16 The plaintiffs filed the instant appeal on November 8, 2013. They argue that the trial court erred in dismissing their complaints because (1) none of the cities has asserted an affirmative matter that would preclude the cases from going forward; and (2) taking

7

the allegations of the complaints as true, the complaints each state a basis upon which relief can be granted. We agree.

¶ 17    A motion to dismiss filed pursuant to section 2-615 of the Code of Civil Procedure (735 ILCS 5/2-615 (West 2012)) admits all well-pleaded facts in the complaint. The court must interpret the complaint in the light most favorable to the plaintiff. *Nesby v. Country Mutual Insurance Co.*, 346 Ill. App. 3d 564, 566 (2004). Dismissal is proper only if it is clear from the pleadings that there is no set of facts the plaintiffs can prove which would entitle them to relief. *Tuite v. Corbitt*, 224 Ill. 2d 490, 510 (2006). Dismissal pursuant to a 2-619 motion is proper if the plaintiff's claim is barred by an " 'affirmative matter[ ] avoiding the legal effect of or defeating the claim.' " *Harder v. First Capital Bank*, 332 Ill. App. 3d 740, 743 (2002) (quoting 735 ILCS 5/2-619(a)(9) (West 1998)). We review *de novo* rulings on both types of motions. *Harder*, 332 Ill. App. 3d at 743.

¶ 18    This appeal involves challenges to the constitutionality of municipal ordinances. Constitutionality is a question of law which we review *de novo*. *Jackson v. City of Chicago*, 2012 IL App (1st) 111044, ¶ 20 (citing *Lyon v. Department of Children & Family Services*, 209 Ill. 2d 264, 271 (2004)). Our determination is guided by the same principles applicable in challenges to the constitutionality of statutes. See *Jackson*, 2012 IL App (1st) 111044, ¶ 20 (quoting *Napleton v. Village of Hinsdale*, 229 Ill. 2d 296, 306 (2008)). Ordinances are presumed constitutional, and the party challenging them has the burden to demonstrate a "clear constitutional violation." *Jackson*, 2012 IL App (1st) 111044, ¶ 20.

8

¶ 19 The parties agree that the ordinances at issue are subject to a rational basis test. See *People v. Lindner*, 127 Ill. 2d 174, 179 (1989) (explaining that this is the standard when no fundamental constitutional right is implicated). This means that they will pass constitutional muster if they are rationally related to a legitimate governmental interest and are not arbitrary or discriminatory. *People v. Jones*, 223 Ill. 2d 569, 596 (2006). In applying this test, courts must first identify the interest the ordinance is meant to advance. *Lindner*, 127 Ill. 2d at 180. Here, as set out in some detail previously, all four cities' stated purpose in enacting the ordinances at issue was to recoup costs associated with the arrests of defendants for various criminal offenses involving motor vehicles. A fee is rationally related to this purpose if the amount charged bears some reasonable relationship to the actual costs it is intended to recoup. *Jones*, 223 Ill. 2d at 585. The fee need not represent the precise costs incurred by the cities. However, it "must at least *relate*" to those actual costs. (Emphasis in original.) *Jones*, 223 Ill. 2d at 585. In addition, if a fee is charged in connection with a criminal prosecution, there must be some relationship between the offense charged and the use to which the funds generated by the fee are put. *People v. Gildart*, 377 Ill. App. 3d 39, 41 (2007).

¶ 20 The plaintiffs have alleged that the ordinances are facially invalid. Thus, they must demonstrate that there are no circumstances under which the ordinances would be constitutional. *Jackson*, 2012 IL App (1st) 111044, ¶ 25. The rational basis standard is deferential−especially where, as here, the ordinance is challenged on its face. However, it is not toothless. *Jones*, 223 Ill. 2d at 596. It is worth noting that the case before us arises at a time when courts are increasingly concerned about the misuse of fees and fines

as means of generating revenue. See *State v. Blazina*, 344 P.3d 680, 683 (Wash. 2015) (pointing to a national concern over the problems associated with court-imposed fees and fines, including the "doubtful recoupment of money by the government, and inequities in administration"). As such, while we will not lightly find an ordinance unconstitutional, we do not believe it would be appropriate to be *overly* deferential.

¶ 21    The plaintiffs first argue that none of the defendants has raised an affirmative matter that would defeat their claims. We agree. The only affirmative matter asserted in the motions to dismiss was an allegation that the plaintiffs had failed to exhaust their administrative remedies before challenging the validity of the ordinances. Because the plaintiffs clarified that they were challenging the ordinances on their face, they are not required to do so. See *Arvia v. Madigan*, 209 Ill. 2d 520, 532 (2004). The remainder of the defendants' arguments addressed the adequacy of the complaints to state a claim or denied the allegations in the complaints. See *Daniels v. Union Pacific R.R. Co*., 388 Ill. App. 3d 850, 855 (2009) (explaining that an "affirmative matter" is a defense other than the negation of the allegations supporting the elements of the plaintiff's claim). Thus, we need only address the adequacy of the complaints to state a claim upon which relief can be granted.

¶ 22    The plaintiffs next argue that their complaints should not have been dismissed pursuant to section 2-615 because they adequately state claims for relief. We agree. As discussed previously, the plaintiffs alleged that there is no reasonable relationship between the fees charged under the ordinances and the actual administrative costs incurred by the cities. They alleged that the administrative cost to each city in imposing

10

what the complaints refer to as a "tow release fee" is the cost of a city employee writing a receipt for vehicle owners to present in order to obtain the release of their vehicles. The City of Alton argues that this allegation misstates the purpose of its ordinance. All four defendants argue that the fees they charge are rationally related to their interest in recovering the costs associated with the arrest and prosecution of defendants. At trial, they asserted that they incur additional costs, including the salaries paid to police officers and other employees for the time they spend arresting defendants, processing evidence at the crime scene, investigating the offenses charged, and conducting inventories of the vehicles impounded. They also pointed to the cost of housing defendants in jail.

¶ 23 We find the defendants' argument unpersuasive for three reasons. First and foremost, this matter comes to us after being dismissed on the pleadings. As discussed, all four defendants have alleged that they incur various expenses in arresting defendants for DUI and towing and impounding vehicles in connection with these arrests. The City of Alton attached to its motion to dismiss two detailed studies showing the average costs in officer salaries for various tasks associated with DUI arrests. The City of Edwardsville provided a memo from its police chief asserting that his department spent, on average, more than $300 on each arrest. However, the plaintiffs were not required to prove their case to survive a motion to dismiss. The fact that the defendants dispute the plaintiffs' allegations and have some evidence to support their contentions does not mean that dismissal at the pleading stage is warranted.

¶ 24 In addition, many of the costs the defendants point to are incurred handling *any* arrest. Police officers must process evidence, investigate cases, and book defendants into

11

the county jail whether or not a vehicle is involved, yet the ordinances charge a fee to recoup these costs only if a vehicle is impounded. As stated earlier, in order to comport with the requirements of substantive due process, an ordinance must not be arbitrary or discriminatory. See *Jones*, 223 Ill. 2d at 596. Charging such fees merely because a vehicle is used in connection with an offense is arbitrary unless there is some reason to treat such offenses differently than offenses in which a vehicle is not used. Thus, we do not believe it is appropriate to consider costs incurred that are not unique to offenses committed with vehicles.

¶ 25   The defendants have also alleged that they incur administrative costs that are unique to handling offenses involving vehicles. For example, the studies submitted by the City of Alton in support of its motion to dismiss include the salary paid to police officers for the time it takes officers to conduct inventory searches of impounded vehicles. In its brief on appeal, the City of Alton notes that the towing and impoundment of a vehicle might require the presence of an officer at the scene to direct traffic around a vehicle for a significant amount of time. Resolution of the plaintiffs' claims requires the trial court to make a factual determination as to whether the fees charged are reasonably related to those costs.

¶ 26   We also note that criminal defendants are charged fees for some of these costs under state law. See, *e.g.*, 730 ILCS 5/5-9-1(c-5), (c-7) (West 2012) (charging a $100 fee to defendants convicted of DUI, a portion of which is to be used "to defray administrative costs" incurred by the courts); 730 ILCS 5/5-9-1.4 (West 2012) (charging a crime lab analysis fee to defendants convicted of drug-related offenses); 730 ILCS 5/5-9-1.9 (West

12

2012) (charging a DUI analysis fee to defendants convicted of DUI). It is not clear on the record before us how much of the funds generated by such fees are given to municipalities to defray their costs. To the extent the cities receive funds from fees charged by the state, fees that duplicate those funds are not reasonably related to the purpose of recovering costs. Thus, resolution of the plaintiffs' claims also requires a factual determination as to the extent to which the cities are already reimbursed for their expenses related to towing and impoundment. For these reasons, resolution of the matter at the pleading stage was not appropriate.

¶ 27    The defendants argue, however, that the plaintiffs' complaints must fail as a matter of law because Illinois courts have already upheld identical charges. In support of this contention, the defendants cite *People v. Jaudon*, 307 Ill. App. 3d 427 (1999), *Towers v. City of Chicago*, 173 F.3d 619 (7th Cir. 1999), *Jackson v. City of Chicago*, and *People v. Ratliff*. We find all four cases inapposite because they did not address the question we are called upon to resolve in this case.

¶ 28    We note that all four cases turn, in part, on the distinction between a fee and a fine. As the trial court correctly pointed out, the fact that the ordinances at issue in this case label the charges "administrative fees" does not necessarily preclude a finding that they are actually fines. See *Jones*, 223 Ill. 2d at 599. However, none of the defendants has argued that the ordinances impose fines or serve a punitive purpose; they argue that the fees are rationally related to their interest in recouping the costs associated with DUI arrests and the towing and impoundment of vehicles as a result of such arrests. We now consider each of the four cases they cite in turn.

13

¶ 29 In *Jaudon*, the defendants in four consolidated cases were arrested and charged with various weapons charges and traffic violations. The vehicles they were driving at the times of their arrests were towed and impounded pursuant to a Chicago ordinance. *Jaudon*, 307 Ill. App. 3d at 429. The ordinance imposed a $500 fine on the owners of the vehicles impounded pursuant to the ordinance. *Jaudon*, 307 Ill. App. 3d at 430-31 (citing Chicago Municipal Code § 8-20-015(a) (amended July 10, 1996)). As with the ordinances involved in this case, the fine imposed was charged in addition to towing and storage charges. *Jaudon*, 307 Ill. App. 3d at 431 (citing Chicago Municipal Code § 8-20-015 (amended July 10, 1996)).

¶ 30 The defendants there raised three constitutional issues with respect to the $500 fine. First, they argued that it violated substantive due process because it did not include a defense for an innocent third-party vehicle owner. *Jaudon*, 307 Ill. App. 3d at 435. Only one of the defendants was the owner of the vehicle involved. See *Jaudon*, 307 Ill. App. 3d at 433-34 (noting that two of the defendants did not own the vehicles they were driving when arrested and explaining that there was conflicting evidence as to whether a third defendant co-owned the car with his grandmother). The court noted that none of the defendants were innocent vehicle owners, and therefore found that they lacked standing to raise this issue. *Jaudon*, 307 Ill. App. 3d at 435. However, the court went on to note that it would reject their argument even if they did have standing. The court explained that imposing a fine on even innocent owners could induce vehicle owners to be more careful to avoid lending their vehicles to others who might use the vehicles in the commission of offenses. Thus, the court explained, imposing the fine bore a rational

14

relationship to the legitimate interest in regulating firearms possession and transportation. *Jaudon*, 307 Ill. App. 3d at 436-37.

¶ 31    The defendants' second argument was that the $500 fine violated the excessive fines clause of the eighth amendment to the United States Constitution. *Jaudon*, 307 Ill. App. 3d at 438; see *Towers*, 173 F.3d at 624 (explaining that the excessive fines clause applies to civil penalties if they serve the purpose of deterrence or retribution (citing *Austin v. United States*, 509 U.S. 602, 610 (1993))). A fine or penalty violates this clause if it is grossly disproportionate to the gravity of the offense for which it is being imposed. *Jaudon*, 307 Ill. App. 3d at 439 (citing *United States v. Bajakajian*, 524 U.S. 321 (1998)). Applying this standard, the *Jaudon* court found that the $500 fine was not grossly disproportionate to the actions being sanctioned. *Jaudon*, 307 Ill. App. 3d at 440. Relying on *Towers*, the *Jaudon* court found that the fine was high enough to have a deterrent effect, yet not so high as to be grossly disproportionate to the sanctioned behavior. *Jaudon*, 307 Ill. App. 3d at 440 (quoting *Towers*, 173 F.3d at 626).

¶ 32    Finally, the defendant who was also the owner of an impounded vehicle argued that the fine violated principles of double jeopardy. *Jaudon*, 307 Ill. App. 3d at 440. As we will explain, this was the primary issue in *Ratliff*, a case relied on by the trial court. In *Jaudon*, however, the court did not need to discuss the issue in any detail. The court found that because the charges on the underlying weapons charge were dismissed at the preliminary hearing, jeopardy never attached. *Jaudon*, 307 Ill. App. 3d at 440.

¶ 33    *Towers* involved a challenge to the same Chicago ordinance that was at issue in *Jaudon* along with a similar ordinance imposing a $500 administrative penalty on the

15

owner of any vehicle impounded because illegal drugs are found in the vehicle. *Towers*, 173 F.3d at 621. The plaintiffs there were the owners of vehicles that were impounded pursuant to these ordinances. Both vehicles were driven by other individuals when those individuals were arrested and drugs and weapons were found in the vehicles. *Towers*, 173 F.3d at 621-22.

¶ 34    As in *Jaudon*, the plaintiffs challenged the ordinances on the basis of the excessive fines clause. *Towers*, 173 F.3d at 623. The court noted that this clause was applicable to the fines at issue because they served "the punitive purpose of deterring owners from allowing their vehicles to be used for prohibited purposes." *Towers*, 173 F.3d at 624. The plaintiffs argued that the penalty was excessive because it bore "no relationship to their culpability as innocent owners." *Towers*, 173 F.3d at 624. In rejecting this argument, the court noted that by allowing others to use their vehicles for illegal activities, the plaintiffs facilitated those activities, something the city was "on solid ground" in seeking to deter. *Towers*, 173 F.3d at 625. The court emphasized that the fine had to be high enough to have a deterrent effect. *Towers*, 173 F.3d at 626. The court concluded that $500 was high enough to serve this purpose without being "grossly out of proportion to the activity that the City is seeking to deter." *Towers*, 173 F.3d at 626.

¶ 35    The plaintiffs in *Towers* also argued that the lack of a defense for innocent owners ran afoul of the requirements of substantive due process. In rejecting this contention, the court found that the fine served a legitimate purpose in deterring unlawful activity. *Towers*, 173 F.3d at 626-27. The court concluded that this purpose was served by imposing the fine even on an innocent owner because it might deter a vehicle owner from

16

allowing his vehicle to be used by another individual for illegal activity. *Towers*, 173 F.3d at 627.

¶ 36 *Jackson* involved a more recent challenge to a Chicago impoundment ordinance. There, the plaintiff's vehicle was towed and impounded when police arrested two individuals for possession of cannabis while in her vehicle. *Jackson*, 2012 IL App (1st) 111044, ¶ 6. The plaintiff was charged an administrative penalty of $1,000 along with towing and storage fees. *Jackson*, 2012 IL App (1st) 111044, ¶ 10. On appeal, the plaintiff argued that the ordinance imposing the penalty violated substantive due process because it did not include an innocent owner defense. *Jackson*, 2012 IL App (1st) 111044, ¶ 32. The court rejected this argument for the same reason the courts rejected identical arguments in *Jaudon* and *Towers*−even without innocent owner defenses, impoundment penalties induce vehicle owners "to exercise greater care" in lending their vehicles to others so as to avoid the use of their vehicles in the commission of crimes. (Internal quotation marks omitted.) *Jackson*, 2012 IL App (1st) 111044, ¶ 41.

¶ 37 Notably absent from all three of these cases is any analysis of the relationship between the amount of the fine and any costs the city was attempting to recoup, the issue before us. This is not surprising. Despite the factual similarities to our case, the *Jaudon*, *Towers*, and *Jackson* courts were not called upon to decide this question because the charges at issue were fines, not fees. Fees and fines serve different purposes. A fee is intended to recoup the costs incurred in providing a service, while a fine is intended to be punitive or act as a deterrent. *Jones*, 223 Ill. 2d at 581-82. "This is the *central* characteristic which separates a fee from a fine." (Emphasis in original.) *Jones*, 223 Ill.

17

2d at 600. A fine, logically, will be reasonably related to its purpose if it is likely to act as a deterrent. See *Jackson*, 2012 IL App (1st) 111044, ¶ 34; *Jaudon*, 307 Ill. App. 3d at 436; *Towers*, 173 F.3d at 625. By contrast, as previously discussed, a fee is rationally related to its purpose if it bears some reasonable relationship to the costs it is intended to defray. *Jones*, 223 Ill. 2d at 585. Moreover, state and local governments have broader authority in imposing fines than they do in charging fees. *Gildart*, 377 Ill. App. 3d at 41 (citing *Jones*, 223 Ill. 2d at 602). Because of this distinction, we find *Jaudon*, *Towers*, and *Jones* distinguishable from the case before us.

¶ 38 In *Ratliff*, the case relied upon by the trial court, the Second District considered an Aurora ordinance similar to the Chicago ordinances at issue in *Jaudon* and *Towers*. Like the Chicago ordinances, the Aurora ordinance was labeled a " 'penalty.' " *Ratliff*, 282 Ill. App. 3d at 709 (quoting Aurora Code of Ordinances § 29-48 (eff. Dec. 21, 1993)). As we will explain, however, the *Ratliff* court concluded that the charge was, in reality, a fee rather than a fine. *Ratliff*, 282 Ill. App. 3d at 715.

¶ 39 The defendant in *Ratliff* was arrested when police officers responded to a domestic violence call. The officers found the defendant with his vehicle in a parking lot. They searched the vehicle and found a weapon. *Ratliff*, 282 Ill. App. 3d at 708-09. The vehicle was impounded, and the defendant paid the $500 fine in order to retrieve his vehicle. *Ratliff*, 282 Ill. App. 3d at 710. He was subsequently charged with unlawful possession of a weapon by a felon and possession of a weapon without a firearm owner's identification card. *Ratliff*, 282 Ill. App. 3d at 708. The trial court dismissed these

18

charges on grounds of double jeopardy, and the State appealed. *Ratliff*, 282 Ill. App. 3d at 708.

¶ 40    At issue in the appeal was whether the civil administrative penalty constituted punishment for purposes of double jeopardy. *Ratliff*, 282 Ill. App. 3d at 713. The court explained that the determinative issue was whether the amount of the penalty was " ' "so extreme" and "so divorced" from the penalty's nonpunitive purpose' " of compensation that it must be deemed to constitute punishment. *Ratliff*, 282 Ill. App. 3d at 713 (quoting *United States v. Ursery*, 518 U.S. 267, 284 (1996)). It was in this context that the *Ratliff* court found that "$500 is a reasonable proxy for the likely actual administrative costs incurred by Aurora" in conducting proceedings under the impoundment ordinance. *Ratliff*, 282 Ill. App. 3d at 715. The court went on to state: "Additionally, we find that the $500 sanction is proportionate to the likely combined costs of the [impoundment] administrative proceeding and the societal costs caused by defendants' use of their automobiles to commit one of the predicate offenses." *Ratliff*, 282 Ill. App. 3d at 715.

¶ 41    We acknowledge that this language does provide some support for the defendants' position in this case. However, we do not find *Ratliff* controlling for two reasons. First, *Ratliff* did not involve a challenge to a fee on substantive due process grounds. Indeed, the defendant in *Ratliff* did not challenge the validity of the fee at all. Rather, after paying the fee, he challenged his subsequent criminal prosecution for essentially the same conduct. See *Ratliff*, 282 Ill. App. 3d at 710. As such, the court was not called upon to analyze whether the amount of the fee was reasonably related to the costs incurred by the City of Aurora. The court found that the amount of the charge was not so extreme or "so

19

divorced" from a compensatory purpose that it must constitute punishment rather than compensation. In other words, the court found that the charge in fact served a compensatory purpose. This is not the same as finding that the fee is a constitutionally reasonable means of affecting that compensatory purpose.

¶ 42 Second, to the extent *Ratliff* can be read as holding that a $500 impoundment fee is reasonable as a matter of law, we do not find it persuasive. The court provided no analysis or discussion of what costs the City of Aurora actually incurred, and, as the trial court in this case noted, it did not explain what it meant by "societal costs." We also note that the *Towers* court reached the opposite conclusion in construing a similar ordinance. See *Towers*, 173 F.3d at 624 (noting that the $500 charge did not appear to compensate the city for any costs).

¶ 43 In support of its conclusion, the *Ratliff* court stated that "Aurora has implicitly made a legislative finding [that] its costs and damages associated with violations of section 29-48 equal $500 plus the costs of towing and storage." *Ratliff*, 282 Ill. App. 3d at 716. Although the rational basis test is deferential, we hold that it is not deferential enough to allow a court to assume that a fee is a reasonable approximation of a city's actual costs because the city made an implicit finding to that effect. To hold otherwise would render the rational basis test toothless. We thus believe it is not appropriate to follow *Ratliff*. See *People v. Pruitt*, 239 Ill. App. 3d 200, 209 (1992) (noting that Illinois courts of appeal are not obligated to follow the decisions of other districts of the appellate court).

¶ 44 Finally, the defendants point to section 11-208.7 of the Illinois Vehicle Code (625 ILCS 5/11-208.7 (West 2012)). This statute, enacted after the plaintiffs filed their complaints in this matter, permits non-home-rule municipalities to charge "a reasonable administrative fee" related to the costs associated with impoundment of vehicles under certain circumstances. 625 ILCS 5/11-208.7(a) (West 2012). The defendants acknowledge that the statute is not directly applicable to them because they are all home rule municipalities. However, they argue that the statute provides support for their position that their ordinances are valid. We are not persuaded. As the plaintiffs point out, the statute expressly requires that any fee charged must be "reasonable." 625 ILCS 5/11-208.7(a) (West 2012). The statute does not purport to draw a line between what is reasonable and what is not reasonable. Moreover, the legislature cannot grant the authority to any municipality to charge a fee that does not comport with the requirements of substantive due process.

¶ 45 In closing, we note that we express no opinion as to the ultimate question of whether the fees charged by these ordinances are reasonably related to the costs incurred by the defendants. We hold only that the court erred in dismissing the matter at the pleading stage. We therefore reverse the order of the trial court dismissing the plaintiffs' complaints and remand this cause for further proceedings consistent with this decision.

¶ 46 Reversed and remanded.

¶ 47 JUSTICE MOORE, specially concurring.

21

¶ 48   I agree with my colleagues that the circuit court erred in dismissing the plaintiffs' complaint, because for the purposes of a motion to dismiss, the court must take the allegations in the complaint as true. *Iseberg v. Gross*, 366 Ill. App. 3d 857, 860 (2006). As the majority aptly explains, the plaintiffs have alleged facts that could potentially lead to a legal conclusion that the fees imposed by the ordinances violate substantive due process. The defendants counter that the fees are rationally related to their interest in recovering certain costs. Although the defendants attached some evidence in support of their position to their motions to dismiss, the plaintiffs have not yet had the opportunity to conduct discovery. Once discovery is complete, the circuit court must evaluate the evidence presented during an evidentiary hearing or in a summary proceeding and make a determination as to whether the amount of the fees charged is rationally related to the defendants' legitimate governmental interests.

¶ 49   I write specially because in my opinion, it is premature and advisory for this court, at this stage of the proceedings, to discuss in detail the potential invalidity of the fees at issue. That determination should be made by the circuit court upon full development of the record. We do not yet know what evidence the parties will adduce in support of their positions, and we do not know how that evidence may affect the direction this case takes. The nature of the evidence will likely impact the parameters of the legal analysis that will need to be employed, and the exact body of law to be applied, in determining whether the ordinances at issue comport with substantive due process. For this reason, I respectfully specially concur.

2015 IL App (5th) 130544

NO. 5-13-0544

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | | |
|---|---|---|
| MATTHEW E. CARTER, on Behalf of Himself and All Others Similarly Situated, | ) ) ) ) | Appeal from the Circuit Court of Madison County. |
| Plaintiffs-Appellants, | ) ) | |
| v. | ) ) ) | Nos. 11-L-1304, 11-L-1305, 11-L-1306 & 11-L-1307 |
| THE CITY OF ALTON, THE CITY OF COLLINSVILLE, THE CITY OF GRANITE CITY, and THE CITY OF EDWARDSVILLE, | ) ) ) ) ) ) | Honorable Thomas W. Chapman, Judge, presiding. |
| Defendants-Appellees. | ) | |

_____

**Opinion Filed:**      May 4**,** 2015

_____

**Justices:**      Honorable Melissa A. Chapman, J.

Honorable S. Gene Schwarm, J., concurred
Honorable James R. Moore, J., specially concurred

_____

**Attorneys for Appellants**      Brian L. Polinske, Donna Morrison Polinske, Polinske & Associates, P.C., 701 North Main Street, Edwardsville, IL 62025

_____

**Attorneys for Appellees**      James E. Schrempf, Schrempf, Kelly, Napp & Darr, Ltd., 307 Henry Street, Suite 415, P.O. Box 725, Alton, IL 62002 (for The City of Alton); Steven C. Giacoletto, Giacoletto Law Office, P.C., 30 Summer Tree Lane, Collinsville, IL 62234 (for The City of Collinsville); Michael K. Nowak, Alvin C. Paulson, Becker, Paulson, Hoerner & Thompson, P.C., 5111 West Main Street, Belleville, IL 62226 (for The City of Edwardsville and The City of Granite City)

_____