2016 IL App (3d) 140523

Opinion filed May 16, 2016

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2016

| | | |
|---|---|---|
| BARBARA J. MCGRATH, Individually and on ) | | Appeal from the Circuit Court |
| Behalf of All Others Similarly Situated, ) | | of the 21st Judicial Circuit, |
| ) | | Kankakee County, Illinois. |
| Plaintiff-Appellant, ) | | |
| ) | | Appeal No. 3-14-0523 |
| v. ) | | Circuit No. 08-L-13 |
| ) | | |
| THE CITY OF KANKAKEE, ) | | The Honorable |
| ) | | Kendall O. Wenzelman, |
| Defendant-Appellee. ) | | Judge, Presiding. |

JUSTICE LYTTON delivered the judgment of the court, with opinion.
Justice Carter concurred in the judgment and opinion.
Justice McDade specially concurred, with opinion.

**OPINION**

¶ 1    Plaintiff Barbara McGrath filed an amended class action complaint against defendant City of Kankakee (City) alleging that its impoundment ordinance was unconstitutional because it violated due process and was an unlawful attempt to use police powers to produce revenue. Defendant filed a motion to dismiss, which the trial court granted with prejudice. Plaintiff appeals the dismissal of her amended complaint. We affirm.

¶ 2                                          FACTS

¶ 3    In 2002, the City enacted section 22-85 of the Kankakee Municipal Code. The ordinance stated in pertinent part:

> "Any motor vehicle which is operated by a person who is under the influence of alcohol or drugs; or whose driver's license is suspended or revoked, or against whom a warrant has been issued by a circuit court for failing to appear to answer charges that the person was operating a motor vehicle under the influence of alcohol or drugs or for operating a motor vehicle while that person's license was suspended or revoked shall be subject to seizure and impoundment by the City of Kankakee and its owners shall be liable to the City for an administrative penalty in the amount of FIVE HUNDRED DOLLARS ($500) plus any towing or storage fees as hereinafter provided." Kankakee Municipal Code § 22-85(A) (2002).[1]

The ordinance provides for a post-impoundment hearing if the vehicle's owner requests one within 24 hours of seizure. Kankakee Municipal Code § 22-85(A)(3) (2002). The hearing must take place within 48 hours after the request is made. *Id*.

¶ 4    In 2008, the City began posting signs notifying drivers of the ordinance. The signs stated: "VEHICLES SUBJECT TO SEIZURE IN THE CITY OF KANKAKEE FOR VIOLATIONS OF SECTIONS 22-80 THROUGH 22-86 INCLUSIVE OF THE KANKAKEE CITY CODE." Sections 22-80 through 22-86 of the Kankakee City Code address various crimes, including attempts to solicit drugs, using a vehicle for solicitation of prostitution, and possessing unlawful firearms in a motor vehicle.

---

[1] The ordinance has been amended and now provides for "an administrative penalty not to exceed Five Hundred Dollars ($500.00) plus any towing or storage fees as hereinafter provided." Kankakee Municipal Code § 22-85(a).

¶ 5        In June 2008, plaintiff filed an "action to recover money illegally taken," against defendant City on behalf of herself and other members of a class whose vehicles had been impounded pursuant to section 22-85 of the Kankakee Municipal Code. In May 2009, plaintiff filed her first amended complaint. The City filed an answer denying the allegations in plaintiff's complaint. The City filed a motion to dismiss and then a first amended motion to dismiss. The trial court granted the City's motion and dismissed plaintiff's complaint without prejudice, finding that plaintiff's action was barred by the voluntary payment doctrine.

¶ 6        Later, plaintiff filed several amended complaints. In September 2013, plaintiff filed her "Fifth Amended Complaint to recover money illegally taken." Count I alleged a due process violation, and count II alleged "unlawful use of police power to produce revenue." According to the complaint, the City enacted section 22-85 of the Kankakee Municipal Code in 2003 "as an additional traffic regulation and enforced it against drivers for years without posting signs." Plaintiff further alleged that signs posted "[y]ears after enforcing section 22-85" did "not give motorists reasonable notice of the proscribed activity." Plaintiff also alleged that section 22-85 conflicts with section 11-207 of the Illinois Vehicle Code (Code) (625 ILCS 5/11-207 (West 2012)) and "is unconstitutional, on its face, because it was enforced without posting the required signs or signs that failed to give reasonable notice." Count II alleges that the ordinance is unconstitutional because its purpose is to produce revenue, which the City is not allowed to do under the guise of its police powers.

¶ 7        The City filed a motion to dismiss plaintiff's amended complaint. The trial court granted the motion and dismissed the complaint with prejudice because it failed to allege (1) whether signs were posted when plaintiff's vehicle was impounded, (2) that plaintiff attempted to pursue administrative remedies, and (3) facts showing that plaintiff paid the City under duress. The

3

court ruled that plaintiff failed to sufficiently plead a cause of action against the City and refused to allow plaintiff to amend her complaint, stating that, despite numerous attempts to amend her complaint, plaintiff "has failed to demonstrate that [she] can cure various defects that have been noted today and/or previously."

¶ 8                                                ANALYSIS

¶ 9         A motion to dismiss admits all well-pleaded facts in the complaint. *Carter v. City of Alton*, 2015 IL App (5th) 130544, ¶ 17. Dismissal is proper only if it is clear from the pleadings that no set of facts would entitle the plaintiff to relief. *Id.*

¶ 10        Ordinances are presumed constitutional, and the party challenging them has the burden to demonstrate a "clear constitutional violation." (Internal quotation marks omitted.) *Id.* ¶ 18. A challenge to the facial validity of an ordinance or statute is the most difficult to mount successfully because a plaintiff must demonstrate that there are no circumstances under which the ordinance would be constitutional. *Jackson v. City of Chicago*, 2012 IL App (1st) 111044, ¶ 25. Facial invalidation is employed sparingly and only as a last resort. *Id.* As long as a situation exists where the ordinance could be validly applied, a facial challenge must fail. *Id.* A court will affirm the constitutionality of an ordinance if it is reasonably possible to do so and will resolve any doubts in favor of a construction that renders the ordinance valid. *Id.* ¶ 20.

¶ 11        When a plaintiff files a class action, the plaintiff must allege and show that she was personally injured. *I.C.S. Illinois, Inc. v. Waste Management of Illinois, Inc.*, 403 Ill. App. 3d 211, 221 (2010). If the named plaintiff has no injury, the plaintiff has no standing, and no case or controversy arises. *Id.* at 223.

¶ 12                                                   I

4

¶ 13    The first count of plaintiff's amended complaint alleges a due process violation. Plaintiff claims that she did not have adequate notice that her vehicle could be impounded if she was arrested for engaging in criminal activity.

¶ 14    Due process under the Illinois and federal constitutions requires adequate notice and a meaningful opportunity to be heard. *Peacock v. Board of Trustees of the Police Pension Fund*, 395 Ill. App. 3d 644, 654 (2009). Section 11-207 of the Code provides that ordinances that impose traffic regulations not contained in the Code "shall not be effective until signs giving reasonable notice thereof are posted." 625 ILCS 5/11-207 (West 2012).

¶ 15    Here, plaintiff's complaint fails to allege that plaintiff was not provided with notice prior to the City impounding her vehicle. In her complaint, plaintiff alleges that the City enacted the impoundment ordinance in 2003, but did not post signs notifying drivers of the ordinance until five years later; however, plaintiff fails to allege when her vehicle was impounded or assert that her vehicle was impounded before the signs were posted. Instead, she generally alleges that the ordinance "is unconstitutional, on its face, because it was enforced without posting the required signs or signs that failed to give reasonable notice."

¶ 16    In order to bring a class action for a due process violation, plaintiff herself must have suffered an injury. See *I.C.S. Illinois, Inc.*, 403 Ill. App. 3d at 221. She cannot claim an injury on behalf of others. Since plaintiff failed to allege that signs were not posted when her car was impounded, she failed to allege an injury based on lack of notice. As such, plaintiff has no standing to raise a class action for violation of due process rights. See *id*.

¶ 17                                    II

5

¶ 18    In count II of her amended complaint, plaintiff alleges that the $500 charge contained in the impoundment ordinance violates the Illinois Constitution because it is an attempt by the City to raise revenue through its police powers.

¶ 19    The Illinois Constitution grants home rule units the right to "exercise any power and perform any function pertaining to its government and affairs including, but not limited to, the power to regulate for the protection of the public health, safety, morals and welfare; to license; to tax; and to incur debt." Ill. Const. 1970, art. VII, § 6(a). However, a home rule unit may not "license for revenue." Ill. Const. 1970, art. VII, § 6(e). This section prohibits a governmental unit from attempting to raise revenue by the exercise of its police power. *Rozner v. Korshak*, 55 Ill. 2d 430, 433 (1973). A fee imposed by a municipality does not violate this provision if it bears some reasonable relation to the cost of enforcement. *A&H Vending Service, Inc v. Village of Schaumburg*, 168 Ill. App. 3d 61, 64 (1988).

¶ 20    Municipalities can assess fines and fees; however, local governments have broader authority in imposing fines than in charging fees. *Carter*, 2015 IL App (5th) 130544, ¶ 28. "Fees and fines serve different purposes." *Id*. ¶ 37. A fee is intended to recoup costs incurred in providing a service, while a fine is intended to be punitive or act as a deterrent. *Id*.

¶ 21    In interpreting a municipal ordinance, courts give effect to the intent of the municipality as shown by the plain and ordinary language of the ordinance. *DTCT, Inc. v. City of Chicago Department of Revenue*, 407 Ill. App. 3d 945, 949 (2011). If the language of an ordinance is clear and unambiguous, the court must interpret it according to its terms. *La Salle National Bank v. City Suites, Inc.*, 325 Ill. App. 3d 780, 786 (2001). The use of the word "penalty" in a statute or ordinance connotes a fine, not a fee. *People v. Jones*, 223 Ill. 2d 569, 588-89 (2006).

6

¶ 22    A fine imposed by a municipality is constitutional as long as it is reasonably related to a legitimate purpose. *Carter*, 2015 IL App (5th) 130544, ¶ 37. A fine that is likely to act as a deterrent is reasonably related to a legitimate purpose. *Id.* Impoundment ordinances that impose penalties of $500 or more are constitutional because they serve the legitimate purpose of deterring criminal activity. See *Sloper v. City of Chicago, Department of Administrative Hearings*, 2014 IL App (1st) 140712, ¶ 28; *Jackson v. City of Chicago*, 2012 IL App (1st) 111044, ¶¶ 40-41; *People v. Jaudon*, 307 Ill. App. 3d 427, 440 (1999); *Towers v. City of Chicago*, 173 F.3d 619, 626 (7th Cir. 1999).

¶ 23    Impoundment ordinances deter criminal activity even if someone other than the vehicle owner commits the crime. An impoundment ordinance can act as "a deterrent mechanism preventing owners from negligently allowing others to borrow their vehicles." *Jackson*, 2012 IL App (1st) 111044, ¶ 40 (citing *Jaudon*, 307 Ill. App. 3d at 437). Like forfeiture statutes, impoundment ordinances can induce innocent owners "to exercise greater care in transferring possession of their property." *Calero-Toledo v. Pearson Yacht Leasing Co.*, 416 U.S. 663, 688 (1974). Forfeiture and impoundment laws are constitutional even if they do not contain a defense or exception for innocent vehicle owners. See *Bennis v. Michigan*, 516 U.S. 442, 451-53 (1996); *Towers*, 173 F.3d at 626-27; *People v. One 1998 GMC*, 2011 IL 110236, ¶¶ 43-48; *Jackson*, 2012 IL App (1st) 111044, ¶¶ 38-42; *Jaudon*, 307 Ill. App. 3d at 436-38.

¶ 24    Here, the version of the City's impoundment ordinance in effect at the time of plaintiff's impoundment stated that a driver arrested for certain crimes "shall be liable to the City for an administrative penalty in the amount of FIVE HUNDRED DOLLARS ($500)." Kankakee Municipal Code § 22-85(A) (2002). The City's use of the word "penalty" in the ordinance establishes that the charge is a fine, not a fee. See *Jones,* 223 Ill. 2d at 588-89; see also *Towers,*

7

173 F.3d at 621 ("administrative penalty" is a fine). An impoundment ordinance that charges a fine of $500 is reasonably related to the legitimate interest of deterring crime and, therefore, passes constitutional muster. See *Sloper,* 2014 IL App (1st) 140712, ¶ 28; *Jackson,* 2012 IL App (1st) 111044, ¶¶ 40-41; *Jaudon,* 307 Ill. App. 3d at 440; *Towers,* 173 F.3d at 626.

¶ 25    The special concurrence suggests that the ordinance does not serve as a deterrent when applied to an innocent vehicle owner. However, courts have repeatedly held that impoundment ordinances can deter crime even when applied to innocent vehicle owners. See *Jackson*, 2012 IL App (1st) 111044, ¶¶ 38-42; *Jaudon*, 307 Ill. App. 3d at 436-38; *Calero-Toledo*, 416 U.S. at 688. The impoundment ordinance serves a legitimate purpose and is constitutional. See *id.* The trial court properly dismissed count II of plaintiff's amended complaint.

¶ 26                                   CONCLUSION

¶ 27    The judgment of the circuit court of Kankakee County is affirmed.

¶ 28    Affirmed.

¶ 29    JUSTICE McDADE, specially concurring.

¶ 30    I agree with the majority that this case must be affirmed on the basis that the plaintiff failed to plead a cause of action by omitting any facts related to when she was allegedly subjected to the municipal ordinance. However, I write separately to express my dismay at the lost opportunity this case had for addressing certain important questions related to the City's impoundment ordinance, as well as my disagreement with the majority's decision to decide the constitutional issue. I also respectfully question the legitimacy of the majority's analysis of that issue.

¶ 31    It is unfortunate that several important questions will be left unanswered by the plaintiff's failure to plead essential facts. Although the exact dates are unclear from the record, the City

8

appears to acknowledge that it did not post signs related to the impoundment ordinance for at least five years after the ordinance was enacted. Section 11-207 of the Code authorizes local authorities to adopt additional traffic regulations not in conflict with chapter 11 of the Code, but mandates that "such regulations shall not be effective until signs giving reasonable notice thereof are posted." 625 ILCS 5/11-207 (West 2012). Thus, an important question left unanswered by this case was how many individuals, perhaps including the instant plaintiff, were subjected to the impoundment ordinance over a five-year period when, pursuant to section 11-207 of the Code, the City's impoundment ordinance was invalid.

¶ 32        In addition, a legitimate question could have been answered regarding whether the City's signs in fact constituted reasonable notice under the statute. Here, the City's signs read: "VEHICLES SUBJECT TO SEIZURE IN THE CITY OF KANKAKEE FOR VIOLATIONS OF SECTIONS 22-80 THROUGH 22-86 INCLUSIVE OF THE KANKAKEE CITY CODE." There is no indication in the record of exactly where and how many of these signs were posted. Section 11-207 of the Code does not define reasonable notice, and this case is a lost opportunity to define that phrase.

¶ 33        Next, I write separately to express my disagreement with the majority's choice to address the constitutional issue, as well as the majority's resolution of that issue. While I agree that there is a legitimate question regarding whether the impoundment ordinance itself is constitutional, the plaintiff's failure to plead essential facts has obviated the need to address that question. Without those essential facts, the plaintiff has not established that she has been aggrieved by the ordinance. If she has not been aggrieved, she has no standing to raise a constitutional challenge and there is no reason for the majority to address the issue. See *Commonwealth Edison Co. v. Illinois Commerce Comm'n*, 2014 IL App (1st) 130544, ¶ 35 (discussing standing requirements

and noting, *inter alia*, that "[g]enerally, courts will not consider a constitutional challenge to a statutory provision unless the party challenging it is directly affected by the provision"); *Mulay v. Mulay*, 225 Ill. 2d 601, 607 (2007) (holding that "courts will address constitutional issues only as a last resort, relying whenever possible on nonconstitutional grounds to decide cases").

¶ 34 I also disagree with the majority's resolution of the constitutional issue. Even if the majority is correct that the $500 administrative penalty constitutes a fine, rather than a fee, I do not see it as adequate to view the $500 administrative penalty in isolation. The City's ordinance subjects a vehicle to impoundment, and the owner of that vehicle to a $500 "administrative penalty" plus towing and storage costs, when that vehicle has been operated by a person: (1) under the influence of alcohol or drugs; (2) whose driver's license is suspended or revoked; or (3) "against whom a warrant has been issued by a Circuit Court for failing to appear to answer charges that the person was operating a motor vehicle under the influence of alcohol or drugs or for operating a motor vehicle while that person's license was suspended or revoked." Kankakee Municipal Code § 22-85 (added Apr. 15, 2002). The $500 administrative penalty (plus towing and storage costs) arises here only after the vehicle has been impounded.

¶ 35 As the majority notes, a fine levied by a municipality is permissible if it is reasonably related to a legitimate purpose. *Supra* ¶ 23. I think an issue exists as to whether the impoundment, $500 penalty, and towing and storage costs have anything to do with a legitimate purpose, and I question the majority's reliance on deterrence as a legitimate purpose behind the City's impoundment ordinance. What possible deterrent effect would impoundment, accompanied by a $500 fine plus towing and storage costs, have? The impoundment ordinance targets the *owner* of the vehicle, not necessarily the *driver* of the vehicle. If the owner is the offender, then the goal would have to be deterring that person from driving at a time that fits

within one of the three categories listed in the ordinance. But if an individual is not concerned with the potential drastic personal consequences of driving at one of those times—such as killing or maiming himself or herself or another person while driving drunk, or the possible loss of a job or driving privileges—that individual would not be deterred at all by the potential impoundment, fine, and costs.

¶ 36    Further, if the owner is not the offender, how would the impoundment ordinance serve the goal of deterrence? Is the message simply to be careful to whom you lend your vehicle? Is it to hope that your vehicle is not stolen: (1) by someone who fits one of the three categories listed in the ordinance; and (2) at a time when you are unable to report the theft within 24 hours (see Kankakee Municipal Code § 22-85(a)(1) (added Apr. 15, 2002))? The City's impoundment ordinance is rife with absurdities, and a conclusion that it passes constitutional muster is problematic at best.

¶ 37    In sum, I do not agree with the majority's decision to reach the constitutional issue. In addition, I respectfully submit that the majority's analysis of that issue is too facile. It is unfortunate that we are unable to decide the important questions that this case could have presented, but the dismissal of the plaintiff's cause of action must be affirmed nonetheless due her pleading failure—and only on that basis.

11