NOTICE
Decision filed 08/26/20. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2020 IL App (5th) 190466

NO. 5-19-0466

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | | |
|---|---|---|
| ROGELIO SALADRIGAS, on Behalf of Himself and All Others Similarly Situated, | ) ) ) | Appeal from the Circuit Court of St. Clair County. |
| Plaintiff-Appellant, | ) ) | |
| v. | ) ) | No. 11-L-666 |
| THE CITY OF O'FALLON, | ) ) | Honorable Stephen P. McGlynn, |
| Defendant-Appellee. | ) | Judge, presiding. |

_____

JUSTICE BOIE delivered the judgment of the court, with opinion.
Justices Moore and Overstreet concurred in the judgment and opinion.

**OPINION**

¶ 1    This class action case presents a constitutional challenge to the validity of an ordinance enacted by the defendant, the City of O'Fallon (O'Fallon). O'Fallon's ordinance authorizes the municipality to impound a motor vehicle that is used to commit certain offenses, including driving under the influence. The ordinance also provides for a $500 charge to the owner of any motor vehicle that is impounded under the ordinance. The $500 charge is in addition to any fees imposed for the vehicle's towing and storage and any penalties imposed for the underlying offense.

¶ 2    The plaintiff, Rogelio Saladrigas, filed a class action complaint, alleging that O'Fallon's ordinance was unconstitutional because the amount of the "administrative fee" was not

1

reasonably related to the recoupment of any actual costs incurred by O'Fallon. O'Fallon filed a motion for summary judgment maintaining that its ordinance called for a $500 "fine" that is imposed as a penalty to deter criminal behavior, not a "fee" to recoup costs. O'Fallon argued that, as a "fine," the amount passes constitutional muster because the amount is not grossly disproportionate to the offenses that call for the fine to be imposed.

¶ 3    O'Fallon's motion for summary judgment, therefore, required the circuit court to interpret the language of the ordinance and determine whether it imposed a fine or a fee. The circuit court interpreted O'Fallon's ordinance as providing for a $500 fine. As a result, the circuit court granted O'Fallon's motion for summary judgment because the plaintiff did not contend that a $500 "fine" was grossly disproportionate to the underlying offenses calling for the fine. The plaintiff now appeals the circuit court's judgment, arguing that the ordinance provides for a fee, not a fine.

¶ 4    For the following reasons, we agree with the plaintiff and construe O'Fallon's ordinance as imposing a fee, rather than a fine. Accordingly, we reverse the circuit court's summary judgment in favor of O'Fallon and remand for further proceedings.

¶ 5                                    I. BACKGROUND

¶ 6    The facts of this case are not disputed. O'Fallon is a home rule municipality. Pursuant to its home rule powers, O'Fallon enacted an ordinance[1] that imposes an "administrative fee" that must be paid by the owner of a motor vehicle when the motor vehicle is used to commit certain violations. The amount of the administrative fee depends on the violation. For more serious violations, the ordinance sets out a "Level I" administrative fee of $500 and for less serious violations, a "Level II" administrative fee of $250. Level I violations include, among other

_____

[1]Ordinance No. 3653.

2

violations, driving under the influence of alcohol or drugs and driving with a suspended or revoked driver's license.[2]

¶ 7    In the preamble of the ordinance, O'Fallon noted that its police department expends resources to process "arrested persons and the vehicles that they were operating at the time of arrest." Therefore, the preamble continues, the police department "has determined that it is in the best interest of the community that an administrative fee be charged the owner's [*sic*] of vehicles impounded as a result of certain arrests." O'Fallon expressly stated in the preamble that "*the administrative fees are based upon the amount of resources expended by the members of the O'Fallon Police Department and designated to help the police department recoup costs associated with processing certain arrests*." (Emphasis added.)

¶ 8    As stated, the ordinance authorizes the city to seize and impound vehicles that are used in connection with any of the violations calling for a Level I administrative fee. The vehicle owner is liable for the $500 administrative fee in addition to any towing and storage fees. The vehicle's owner can request a hearing to challenge whether the requisite violation occurred. If the hearing officer determines by a preponderance of the evidence that the vehicle was used in a violation, the hearing officer is required to enter an order finding the vehicle's owner liable to the city for the administrative fee. If, however, the hearing officer does not determine by a preponderance of the evidence that the motor vehicle was used in a violation, the hearing officer must enter an order for the return of the motor vehicle.

¶ 9    Prior to a hearing, the vehicle owner can post a $500 bond for the release of the vehicle, but the owner is "still liable to the towing agent for any applicable towing fees." The bond is forfeited to O'Fallon if the administrative fee is imposed. However, if after a hearing, a violation

---

[2]The administrative fee charged for Level II violations is not at issue in this appeal.

is not proven by a preponderance of the evidence, the bond will be returned to the person posting the bond. In addition, the ordinance provides that if the circuit court enters a judgment of not guilty on the underlying violation that could have resulted in the impoundment of the vehicle, the person who paid the $500 has 30 days to present a certified copy of the judgment to the police department to receive a refund.

¶ 10    On October 8, 2011, the plaintiff was arrested by the O'Fallon Police Department for a Level I violation, his vehicle was towed and impounded pursuant to O'Fallon's ordinance, and he paid the $500 administrative fee. In his class action complaint, the plaintiff alleged that the $500 fee violated his substantive due process rights because the amount of the fee was not rationally related to the cost of towing services or any other services provided by O'Fallon. The plaintiff alleged that "[t]here is no rational justification for imposing $500 administrative fee upon a motorist to merely issue that person a receipt stating they have paid $500."

¶ 11    The plaintiff brought this class action proceeding on behalf of himself and similarly situated individuals consisting of all persons who were cited and arrested for any of the Level I violations that resulted in the payment of the $500 administrative fee set out in O'Fallon's ordinance. The plaintiff's original class action complaint alleged only a facial constitutional challenge, not an as-applied constitutional challenge. However, the plaintiff's first and second amended class action complaints included both facial and as-applied constitutional challenges to the ordinance.

¶ 12    O'Fallon filed a motion for summary judgment, arguing that its ordinance provided for a civil fine to punish and deter crime and that the fine passed constitutional muster because the fine was not grossly disproportionate to the underlying violation calling for the fine. In response, the plaintiff argued that O'Fallon's ordinance imposed a fee to recoup costs, not a fine to penalize

4

the vehicle owners, and that there were pending factual issues concerning whether the fee was reasonably related to any costs the city was attempting to recoup by imposing the fine.

¶ 13    On November 5, 2019, the circuit court entered an order granting O'Fallon's motion for summary judgment. The circuit court concluded that O'Fallon "clearly and unmistakably intended the ordinance in question to impose a 'fee' and not a fine." Nonetheless, the circuit court also concluded that "the controlling authority" required the court "to disregard the plain language of the ordinance and recharacterize the ordinance as one imposing a fine and not a fee." On that basis, the circuit court granted O'Fallon's motion for summary judgment. The plaintiff now appeals the circuit court's judgment.

¶ 14                                    II. ANALYSIS

¶ 15    Because this case comes before us on appeal from a summary judgment, our review is *de novo*. *Beaman v. Freesmeyer*, 2019 IL 122654, ¶ 22. Summary judgment should be granted only where the pleadings, depositions, admissions on file, and affidavits, when viewed in the light most favorable to the nonmoving party, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. 735 ILCS 5/2-1005(c) (West 2018). In ruling on a motion for summary judgment, we must construe the pleadings, depositions, admissions, and affidavits strictly against the movant and liberally in favor of the opponent. *Beaman*, 2019 IL 122654, ¶ 22.

¶ 16    Here, the plaintiff's class action complaint presents a substantive due process challenge to O'Fallon's ordinance. Generally, legislation and ordinances do not violate substantive due process if they bear a rational relationship to a legitimate governmental purpose and are neither arbitrary nor discriminatory. *Jackson v. City of Chicago*, 2012 IL App (1st) 111044, ¶ 34. However, before applying the rational basis test to an ordinance imposing a monetary charge, the

5

court must first determine whether the monetary charge was intended as a fine or a fee. *People v. Gildart*, 377 Ill. App. 3d 39, 41 (2007). This distinction is important because fines and fees serve different purposes and are scrutinized under differing constitutional standards.

¶ 17    A "fine" is a pecuniary punishment payable to the public treasury that is imposed as part of a sentence on a person convicted of a criminal offense. *People v. Graves*, 235 Ill. 2d 244, 250 (2009). As a form of punishment, due process requires that a fine be rationally related to the offense on which the defendant is sentenced. *People v. Jones*, 223 Ill. 2d 569, 605 (2006). Therefore, with respect to a fine, the constitutional inquiry is whether the amount of the fine is grossly disproportionate to the offense. *Id.*

¶ 18    A "fee" is a charge to recoup expenses incurred for providing labor and services. *Graves*, 235 Ill. 2d at 250. A fee is not punitive in nature and is a collateral consequence of a defendant's conviction. *People v. Gonzalez*, 2019 IL App (1st) 152760, ¶ 96. Due process requires that a fee be in an amount that bears some reasonable relationship to the actual costs that the fee is intended to recoup. *Carter v. City of Alton*, 2015 IL App (5th) 130544, ¶ 19.

¶ 19    Because this appeal centers on whether O'Fallon's ordinance calls for a fee or a fine, we must delve into the language of the ordinance. The construction of a municipal ordinance presents a question that we review under the *de novo* standard of review. *Ries v. City of Chicago*, 242 Ill. 2d 205, 216 (2011). In construing the validity of a municipal ordinance, the same rules are applied as those that govern the construction of statutes. *Napleton v. Village of Hinsdale*, 229 Ill. 2d 296, 306 (2008). We are to determine and give effect to the legislating body's intent as shown by the ordinance's plain and ordinary language. *Scott v. City of Chicago*, 2015 IL App (1st) 140570, ¶ 11; *McGrath v. City of Kankakee*, 2016 IL App (3d) 140523, ¶ 21. In doing so,

6

we must view the ordinance as a whole, including other relevant provisions. *Crittenden v. Cook County Comm'n on Human Rights*, 2012 IL App (1st) 112437, ¶ 81.

¶ 20 We now turn to the plaintiff's due process concern and, specifically, to whether O'Fallon's ordinance imposes a fine or a fee. Initially, we note that O'Fallon expressly labeled the $500 monetary charge in its ordinance as an "administrative *fee*." (Emphasis added.) The label O'Fallon used to describe the monetary charge is strong evidence of the municipality's intent in imposing the monetary charge. *Jones*, 223 Ill. 2d at 583. However, O'Fallon's use of the term "administrative fee" does not end our inquiry. The label used in the ordinance is not necessarily definitive if the actual attributes of the monetary charge indicate that the charge is something different than its label. *Id.* at 599.

¶ 21 O'Fallon argues that, despite its label, the attributes of the $500 administrative fee are that of a fine, imposed for punitive reasons, not a fee to recoup costs. O'Fallon argues that the charge is punitive because it punishes vehicle owners when they use their vehicle, or allow their vehicle to be used, in the commission of certain offenses; the amount of the monetary charge varies depending on the seriousness of the offense; the funds collected from imposing the charge were not earmarked for a particular municipal fund; and the charge did not compensate O'Fallon for "prosecuting" the vehicle owner.

¶ 22 We disagree with O'Fallon's characterization of its ordinance. As we explained, the best indicator of the intent of an ordinance is the plain language used by the municipality in creating the ordinance. *First American Bank Corp. v. Henry*, 239 Ill. 2d 511, 515 (2011) ("The cardinal rule of statutory construction is to ascertain and give effect to the legislature's intent, and the plain language of the statute is the best indication of that intent."). In fact, all other rules of

7

construction are subordinated to this cardinal principle. *Metzger v. DaRosa*, 209 Ill. 2d 30, 34 (2004).

¶ 23   Accordingly, we find it significant that, not only did O'Fallon describe the $500 charge as a fee, but it expressly stated in the preamble that the ordinance's purpose was to "*recoup costs associated with processing certain arrests*." (Emphasis added.) This is the purpose of a fee, not a fine. We also find it significant that O'Fallon made no mention of punishment or crime deterrence in setting out the purpose for imposing the "administrative fee." O'Fallon does not use any language in its preamble or in the body of the ordinance to suggest that any part of the city's intent in imposing the fee is to deter crime or to punish people who own vehicles that have been used to commit Level I offenses.

¶ 24   In addition to this express language, we believe that some of the attributes of the $500 charge are consistent with the charge being a fee. Under the ordinance, the vehicle owner must either pay the $500 charge or proceed to an administrative hearing to retrieve the impounded vehicle. If the owner elects to pay the charge, the owner receives, in return, a tow release receipt that must be presented to the towing company before the vehicle can be retrieved. The charge is independent of anyone being convicted of the underlying offense, which suggests that it is a fee. We also find it significant that the vehicle's owner is assessed the monetary charge regardless of whether the vehicle owner was involved in committing any criminal offense. The supreme court has stated that a fine is "pecuniary punishment imposed as part of a sentence on a person convicted of a criminal offense." (Internal quotation marks omitted.) *Graves*, 235 Ill. 2d at 250 (quoting *Jones*, 223 Ill. 2d at 581). Accordingly, we do not believe that the attributes of the $500 charge in O'Fallon's ordinance clearly indicate that O'Fallon intended the charge to serve a

purpose different than its chosen label (fee) and different than its expressed intent (recoupment of costs).

¶ 25   O'Fallon notes that the charge is only imposed where the owner is found guilty of using the vehicle, or allowing the vehicle to be used, in the commission of an offense. The vehicle owner, however, is not guilty of a Level I offense if the owner's only involvement is allowing a nonowner to use the vehicle. In addition, the charge is imposed before any defendant is convicted of the underlying offense and is, therefore, not punishment imposed as part of the sentence. See *People v. Price*, 375 Ill. App. 3d 684, 700 (2007) (a factor to consider when determining whether a charge is a fine or a fee is whether the charge is only imposed after conviction).

¶ 26   We agree with O'Fallon that some attributes of the $500 charge are consistent with the $500 charge being a fine. However, those attributes are not so compelling that they outweigh the plain language that O'Fallon used in declaring its intent in creating the ordinance. The attributes, at most, are inconclusive as they are consistent with a fine and a fee. O'Fallon's express intent requires us to construe the $500 charge in this case as a fee.

¶ 27   Our analysis in *Carter* supports our conclusion in the present case that O'Fallon's ordinance should be scrutinized as a fee under due process standards. In *Carter*, this court addressed four municipal impoundment ordinances that authorized monetary charges to vehicle owners when their vehicles were impounded due to the commission of certain offenses. *Carter*, 2015 IL App (5th) 130544, ¶¶ 3, 5, 7, 8. Similar to the present case, the ordinances at issue in *Carter* labeled the charges as "administrative fee" or "administrative processing fee." Also similar to the present case, the plaintiffs in *Carter* challenged the ordinances on substantive due

process grounds, arguing that fees were not reasonably related to the recoupment of expenses for any services provided by the municipality. *Id.* ¶ 10.

¶ 28 The *Carter* court agreed with the plaintiffs that due process required that the amount of the fees must bear some reasonable relationship to the actual costs the fees were intended to recoup. *Id.* ¶ 19. Accordingly, the *Carter* court applied the due process analysis applicable to fees, not fines. The municipalities in *Carter* did not argue that their ordinances created fines. *Id.* ¶ 28. Nonetheless, on appeal, the *Carter* court analyzed the plaintiffs' constitutional concerns under the *de novo* standard of review as a question of law, applying the analysis applicable to fees, not fines. In the present case, we follow our analysis in the *Carter* decision and, likewise, apply the due process analysis applicable to fees.

¶ 29 We also find support for our decision in *People v. Ratliff*, 282 Ill. App. 3d 707 (1996), where the court considered a municipal impoundment ordinance in the context of a double jeopardy challenge. The *Ratliff* court concluded that a $500 charge was a fee rather than a fine for purposes of double jeopardy analysis under the Illinois Constitution because the $500 charge was "purely remedial" and not for punishment. *Id.* at 714-15.

¶ 30 O'Fallon cites *McGrath*, 2016 IL App (3d) 140523, in support of its argument that the $500 charge in its ordinance is a fine. However, we believe *McGrath* supports our analysis. In *McGrath*, the City of Kankakee (Kankakee) enacted an ordinance that imposed a $500 "*administrative penalty*" on vehicle owners when they allowed their vehicles to be used in the commission of certain offenses. (Emphasis added and internal quotation marks omitted.) *Id.* ¶ 3. The plaintiff filed a class action complaint against Kankakee, asserting a procedural due process claim alleging that she was not given notice that her vehicle could be impounded if she was arrested for engaging in criminal activity. *Id.* ¶ 13. Kankakee filed a motion to dismiss the

10

plaintiff's complaint, which the trial court granted in part because the plaintiff had failed to sufficiently allege facts showing whether impoundment warning signs were posted when her vehicle was impounded. *Id.* ¶ 7. On appeal, the plaintiff also argued that the impoundment ordinance was unconstitutional because it violated her procedural due process rights and was an unlawful attempt to use police powers to produce revenue. *Id.* ¶ 1.

¶ 31 The *McGrath* court did not address the specific due process argument that the plaintiff raises in the present case. Nonetheless, relevant to our analysis, the *McGrath* court had to address whether the monetary charge contained within Kankakee's ordinance was a fee or a fine in order to address the plaintiff's argument that the charge was an unlawful attempt to use police powers to produce revenue. The *McGrath* court first set out the exact same legal framework that guides our analysis in the present case as follows:

"In interpreting a municipal ordinance, courts give effect to the intent of the municipality as shown by the plain and ordinary language of the ordinance. *DTCT, Inc. v. City of Chicago Department of Revenue*, 407 Ill. App. 3d 945, 949 (2011). If the language of an ordinance is clear and unambiguous, the court must interpret it according to its terms. *La Salle National Bank v. City Suites, Inc.*, 325 Ill. App. 3d 780, 786 (2001). The use of the word 'penalty' in a statute or ordinance connotes a fine, not a fee. *People v. Jones*, 223 Ill. 2d 569, 588-89 (2006)." *Id.* ¶ 21.

¶ 32 After laying out this legal framework, the *McGrath* court then explained how, generally, impoundment "penalties" can relate to the legitimate purpose of deterring criminal activity. *Id.* ¶¶ 22-23. Then, turning to the specific "fine" versus "fee" issue before the court in that case, the *McGrath* court's analysis consisted entirely of one sentence: "The City's use of the word 'penalty' in the ordinance establishes that the charge is a fine, not a fee." *Id.* ¶ 24. The *McGrath*

11

court did not conduct any further analysis of the issue. The court did not analyze the attributes of the monetary charge in Kankakee's ordinance to reach its conclusion; instead, the court followed the well-established, cardinal rule of ordinance construction that required the court to give effect to the intent of the municipality as evidenced by the "clear and unambiguous" language of the ordinance.

¶ 33  *McGrath*, therefore, supports our analysis in which we, likewise, give effect to the intent of O'Fallon as shown by the plain and ordinary language of the ordinance. The language of O'Fallon's ordinance plainly states that it is a "fee," and the preamble to the ordinance plainly states that the purpose of the fee is to recoup costs. As the circuit court in the present case correctly observed, O'Fallon "clearly and unmistakably intended the ordinance in question to impose a 'fee' and not a fine." Under these facts, we are obligated to give effect to O'Fallon's clear and unmistakable intent and construe the ordinance consistent with that intent. O'Fallon's ordinance, therefore, imposes a fee. Had O'Fallon stated that its intent in imposing the $500 charge was to punish the vehicle owners and to deter crime, our analysis would be different. However, it did not do so. It expressed cost recoupment as the intended purpose in imposing the fee.

¶ 34  O'Fallon also cites *People v. Jaudon*, 307 Ill. App. 3d 427 (1999), *Towers v. City of Chicago*, 173 F.3d 619 (7th Cir. 1999), and *Jackson v. City of Chicago*, 2012 IL App (1st) 111044, in support of its argument, but those cases offer no guidance in distinguishing between a fine and a fee. In *Jaudon* and *Towers*, the ordinances imposed a $500 "fine" or "administrative penalty." *Jaudon*, 307 Ill. App. 3d at 431-32; *Towers*, 173 F.3d at 621. The *Jaudon* and *Towers* courts simply accepted the chosen labels and proceeded to analyze, among other issues, whether the fines violated the excessive fines clause of the eighth amendment of the United States

12

Constitution (U.S. Const., amend. VIII). *Jaudon*, 307 Ill. App. 3d at 438-39; *Towers*, 173 F.3d at 623-24 ("The parties have not disputed that the Eighth Amendment's Excessive Fines Clause applies to the civil penalties at issue in this case."). Therefore, these cases offer us no guidance in the present case where the municipality enacted an impoundment ordinance, but with the express intent to recoup costs and no mention of punishment or crime deterrence.

¶ 35 Likewise, in *Jackson*, the court addressed arguments that an impoundment ordinance that imposed a "penalty" was unconstitutional for multiple reasons, including that it had no innocent owner exception and violated procedural due process, separation of powers, and the taking clause of the federal constitution. *Jackson*, 2012 IL App (1st) 111044, ¶¶ 29, 44, 52, 63. Again, none of these issues raised by the parties required the *Jackson* court to first determine whether the monetary charge at issue was a fine or a fee. Accordingly, the *Jackson* court offered no analysis on this issue.

¶ 36 O'Fallon cites *Jones*, 223 Ill. 2d at 600, and *Graves*, 235 Ill. 2d at 250-51, for the proposition that the Illinois Supreme Court has held that a monetary charge is a fee only if the charge is intended to reimburse the government for some cost incurred in a defendant's prosecution. Based on language from these cases, O'Fallon concludes that the monetary charge in its ordinance cannot be considered a fee because it is not related to the actual prosecution of any offenses. We disagree.

¶ 37 In *Graves*, our supreme court stated that a fee is a charge that " 'seeks to recoup expenses incurred by the state,' *or* to compensate the state for some expenditure incurred in prosecuting the defendant." (Emphasis added.) *Graves*, 235 Ill. 2d 250 (quoting *Jones*, 223 Ill. 2d at 582). Although the supreme court described fees as including monetary charges imposed for the recoupment of prosecutorial expenses, we do not believe that the supreme court intended to limit

13

the definition of a "fee" to the recoupment of *only* prosecutorial expenses in all contexts. Here, such a limited definition of a "fee" would be nonsensical in the context of municipal impoundment ordinances that seek to recoup costs that are unrelated to prosecution of offenses. As the *Carter* court observed, "courts are increasingly concerned about the misuse of fees and fines as means of generating revenue." *Carter*, 2015 IL App (5th) 130544, ¶ 20. For the reasons we explained above, substantive due process requires that monetary charges that municipalities impose with the intent to recoup nonprosecutorial related expenses must be reasonably related to the expenses the municipality is seeking to recoup. Neither *Jones* nor *Graves* stand for the proposition that fees unrelated to prosecution of crimes are exempt from this substantive due process scrutiny.

¶ 38    Finally, we note that the circuit court has not addressed the issue of whether the amount of the fee was rationally related to O'Fallon's legitimate governmental interests in recouping costs. The circuit court did not address this issue because it granted summary judgment in favor of O'Fallon on the basis that the ordinance established a fine. The plaintiff argues that he has sufficiently pled that the fee is not rationally related to the recoupment of any costs and that there remains a factual question concerning the reasonableness of the amount of the charge. We agree and, therefore, conclude that the circuit court erred in granting O'Fallon's motion for summary judgment. We express no opinion concerning whether the amount of the fee is rationally related to O'Fallon's recoupment of expenses. We hold only that the court erred in granting summary judgment on the basis that O'Fallon's ordinance provided for a fine.

¶ 39                                III. CONCLUSION

¶ 40    For the foregoing reasons, we reverse the circuit court's summary judgment in favor of O'Fallon and remand for further proceedings.

14

¶ 41    Reversed and remanded.

2020 IL App (5th) 190466

NO. 5-19-0466

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

| | | |
|---|---|---|
| ROGELIO SALADRIGAS, on Behalf of Himself and All Others Similarly Situated, | ) ) ) | Appeal from the Circuit Court of St. Clair County. |
| Plaintiff-Appellant, | ) ) | |
| v. | ) ) | No. 11-L-666 |
| THE CITY OF O'FALLON, | ) ) | Honorable Stephen P. McGlynn, |
| Defendant-Appellee. | ) | Judge, presiding. |

**Opinion Filed:**       August 26, 2020

**Justices:**       Honorable Mark M. Boie, J.

Honorable James R. Moore, J., and
Honorable David K. Overstreet, J.
Concur

**Attorneys for Appellant**       Donna Morrison Polinske, Brian L. Polinske, 701 North Main Street, Edwardsville, IL 62025

**Attorney for Appellee**       Brian M. Funk, O'Halloran, Kosoff, Geitner & Cook, LLC, 650 Dundee Road, Suite 475, Northbrook, IL 60062